UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANK ALLEN, 01-A-5199

                Plaintiff,

     v.

JAMES CONWAY, et al.,

                Defendants.
_____

DECISION & ORDER

03-CV-6623L

        Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by failing to protect him, subjecting him to excessive force, and acting with deliberate indifference to his serious medical needs. (Docket # 10). Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 12). For the following reasons, plaintiff's motion is denied.

        It is well settled that there is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1. Whether the indigent's claims seem likely to be of substance;

    2. Whether the indigent is able to investigate the crucial facts concerning his claim;

      3.  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

      4.  Whether the legal issues involved are complex; and

      5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

      The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

      The Court has reviewed the facts presented herein in light of the factors required by law.  Plaintiff alleges that defendants failed to protect him, subjected him to excessive force, and were deliberately indifferent to his serious medical needs.  (Docket # 10).  Through the current motion, plaintiff requests the assignment of counsel, alleging that: (1) he is unable to afford counsel; (2) the issues involved in this matter are complex; (3) he has limited access to the law library; (4) he is not knowledgeable in the law; (5) he has been unable to obtain counsel on his own; (6) he has a very low academic ability; and (7) he is being treated for a mental disorder.

(Docket # 12). Counsel for defendants has submitted a letter indicating that although the plaintiff apparently is unable to read, the correctional facility in which he is housed affords him the assistance of a law librarian, as well as access to the law library. (Docket # 30).

I find that the appointment of counsel is not necessary at this time because plaintiff thus far has failed to establish that the case is "likely to be of substance." *Hendricks*, 114 F.3d at 392. *See also Yarborough v. City of New York*, 2005 WL 1253934 at *2-3 (S.D.N.Y., 2005) (granting appointment of counsel for minimally educated plaintiff only after his claims were deemed likely to have merit). "Where a plaintiff does not provide evidence, as opposed to mere allegations, relating to his claims, he has not met the threshold requirement for the appointment of pro bono counsel." *Grant v. Ahern*, 2005 WL 1936175 at *6 (N.D.N.Y., 2005). *See also Ruston v. CNY Centro, Inc.*, 1998 WL 238617, at *4 (N.D.N.Y., 1998); *Harmon v. Runyon*, 1997 WL 118379, at *1 (S.D.N.Y., 1997).

Accordingly, plaintiff's motion for appointment of counsel **(Docket # 12)** is **DENIED** without prejudice at this time. It is plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654. In order to assist plaintiff in the litigation of this matter, the Clerk of the Court is directed to send plaintiff a copy of the pamphlet "Pro Se Litigation Guidelines."

**IT IS SO ORDERED.**

                                        *s/Marian W. Payson*
                                        MARIAN W. PAYSON
                                   United States Magistrate Judge

Dated: Rochester, New York
      October  17  , 2005.