UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANK ALLEN, 01-A-5199

                Plaintiff,

     v.

JAMES CONWAY, et al.,

                Defendants.
_____

DECISION & ORDER

03-CV-6623L

       Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by failing to protect him, subjecting him to excessive force, and acting with deliberate indifference to his serious medical needs. (Docket # 10). Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 38).

       The Court is permitted to appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e). *See, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1. Whether the indigent's claims seem likely to be of substance;

    2. Whether the indigent is able to investigate the crucial facts concerning his claim;

    3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

      4. Whether the legal issues involved are complex; and

      5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

      The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). With this understanding, the Court has reviewed the facts presented herein in light of the factors required by law and finds that the appointment of counsel is appropriate in this matter.

      Accordingly, plaintiff's motion for appointment of counsel **(Docket # 38)** is **GRANTED**. The Court hereby assigns Richard A. McGuirk, Esq. of Nixon Peabody, LLP, 1100 Clinton Square, Rochester, New York 14604, *pro bono*, to faithfully and diligently represent plaintiff in this case.

      The Clerk of the Court is directed to copy the file in this matter and send it to Richard McGuirk, together with a copy of this order and the Guidelines Governing

Reimbursement from the District Court Fund of Expenses Incurred by Court Appointed Counsel.[1]

**IT IS SO ORDERED.**

                                          *s/Marian W. Payson*
                                          MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated:  Rochester, New York
         July  14 , 2006.

---

[1] This information and the forms are also available on the Court's web site at the Attorney Information link from the home page located at <http://www.nywd.uscourts.gov/>.